**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

COMITE FIESTAS DE LA CALLE SAN
SEBASTIAN, INC.,

     **Plaintiff,**

       **v.**

CARMEN YULIN CRUZ, *et al.*,

     **Defendants.**

**CIVIL NO.** 14-1929 (FAB)

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

    Comite Fiestas de la Calle San Sebastian, Inc. ("Comite") brought this action against Mayor Carmen Yulin Cruz ("Mayor Cruz") and the Municipality of San Juan ("Municipality") alleging that they violated Comite's First Amendment rights, made libelous statements, and used Comite's trademarks during planning and celebration of the Fiestas de la Calle San Sebastian ("Fiestas"). (Docket No. 53.)  Upon plaintiff Comite's motions to compel and for reconsideration, (Docket Nos. 80, 115), the Court ordered defendants to produce documents, (Docket No. 117).  Before the Court are plaintiff Comite's motion for sanctions and motion for an order to show cause alleging that defendants did not comply with the Court's production order.  (Docket Nos. 141, 172.)  For the following reasons, the Court **GRANTS** plaintiff Comite's motions.

**BACKGROUND**

Plaintiff Comite sent a discovery request to defendants requesting, among other things, the following:

3.  Produce the documentation of Buena Vibra Group's compliance with its obligation to send the profits of four kiosks as well as the 50/50 split of the profits from the drinks to the Luis Muñoz Marin Park pursuant to Contract Number 2013-00515.

4.  Produce evidence of the creation of a special account to benefit the Luis Muñoz Marin Park as stated in Contract Number 2013-00515.

5.  Produce the detailed invoice required by Contract Number 2013-00515 in clause Four.[1]

6.  Produce all contracts with kiosks in 2013 for the Fiestas de la Calle San Sebastian.

7.  Produce copies of the Certificate of Good Standing, Corporate Resolution, Insurance Policy benefitting the Municipality of San Juan, Copy of promoter's license, Workers' Compensation Policy, Negative Certificate of Municipal Tax owed, and Merchant's Certificate of Registry for Contract 2014-001507.

8.  Produce evidence of all money paid to Buena Vibra Group, Inc. by the Municipality of San Juan as a consequence of Contract 2014-001507. . . .

10.  Produce copies of all the contracts, invoices, and documentation as to sponsors as required by Contract 2014-001507 under the "Specific Aspects" section.

(Docket No. 115-1 at pp. 6-7.)

---

[1] Contract Number 2013-00515 clause four states, "[t]o be able to make the payment, it will be necessary that [Buena Vibra] present a bill where it states in detail the services rendered and the corresponding registry of hours worked, which will be certified by the Executive Director or its authorized representative." (Docket No. 170-11 at pp. 7-8.)

In their June 1, 2015 response to plaintiff Comite's discovery request, defendants objected to requests for production 2-8 and 10, arguing that they "exceed[] [the] permissible scope of discovery [by] seek[ing] information not related to the eight claims for relief included by the Plaintiff on [*sic*] its Amended Complaint" because plaintiff's amended complaint focuses on the 2015 Fiestas, while the requests seek information regarding the 2013 and 2014 Fiestas. (Docket No. 89-2 at pp. 4-7.)

Plaintiff Comite moved to compel defendants to produce the documents requested in items 2-8 and 10. (Docket No. 80 at pp. 3-4.) Defendants opposed. (Docket No. 89.)  Following the close of discovery on October 16, 2016, (Docket No. 96), the Court found plaintiff Comite's motion to compel moot.  (Docket No. 104.) Plaintiff moved for reconsideration of the Court's order, (Docket No. 115), which the Court granted, (Docket No. 117), despite defendants' opposition, (Docket No. 116).  The Court ordered defendants to produce the documents requested by Comite no later than November 18, 2015.  (Docket No. 117.)

On November 18, 2015, defendants produced fifty-five pages of certificates and other documents.  (Docket Nos. 133, 193-1.) Viewing defendants' production as insufficient, plaintiff Comite moved the Court to accept the underlying facts as proven or sanction defendants until they fully comply with the Court's

order.[2] (Docket No. 141 at p. 4.) Defendants responded by arguing that they should not be sanctioned because they had only "four working days" between the Court's order and the production deadline and they intended to continue to locate and produce relevant documents. (Docket No. 163 at p. 2.)

Plaintiff Comite moved for an order requiring defendants to show cause why they should not be held in contempt for failing to produce all documents required by the Court's order. (Docket No. 172.)[3] On December 30, 2015, defendants produced an additional document to supplement their November 18 production. (Docket Nos. 194 at p. 1; 194-1.) The parties disputed whether the produced documents satisfy the Court's order. (Docket Nos. 185, 188, 191.)

The Court, seeking clarification, ordered the parties to provide copies of the documents that defendants had produced. (Docket No. 192.) The Court's order stated that for each request a $100 fine will be assessed – to defendant if they have not fully complied with the request, and to plaintiff if defendants have complied. Id. Plaintiff Comite submitted the fifty-five pages of documents from defendants' November 18 production, (Docket No. 193-

---

[2] Plaintiff Comite does not move for sanctions based on defendants' failure to produce documents in response to request 2. See Docket No. 141.

[3] Plaintiff also omitted request 2 from this motion. See Docket No. 172.

1), and defendants submitted the additional document from their December 30 production, (Docket No. 194-1).  Thereafter, the parties continued to dispute whether the documents satisfied the Court's production order.  (Docket Nos. 195, 198, 201.)[4]

## DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) states that "[u]nless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  Evidence is relevant if it makes a fact of consequence to the action "more or less probable than it would be without the evidence." Fed. R. Evid. 401.  "Information within th[e] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

"A party seeking discovery may move for an order compelling . . . production . . . if: a party fails to produce documents . . . ." Fed. R. Civ. P. 37(a)(3)(B)(iv).  "If a party . . . fails to obey an order to provide or permit discovery, . . . the court . . . may issue further just orders," including accepting as established the facts the document would have addressed, striking

---

[4] Each party also argues that the opposing party did not comply with Federal Rule of Civil Procedure 34(b)(2)(E)(i), which requires parties to "produce documents as they are kept in the usual course of business or . . . organize and label them to correspond to the categories in the request." See Fed. R. Civ. P. 34(b)(2)(E)(i); Docket Nos. 195 at pp. 1, 4; 198 at pp. 1-2.  Neither party fully organized its submission to the Court by request number.

pleadings, and finding the nonproducing party in contempt. Fed. R. Civ. P. 37(b)(2)(A)(i),(iii),(vii).

Here, the Court found that the documents requested by plaintiff Comite were discoverable and ordered defendants to produce them. (Docket No. 117.) After reviewing the parties' submissions, the Court must determine if the documents produced by defendants satisfy plaintiff Comite's production requests 3-8 and 10.[5] The Court reviews defendants' production to each of plaintiff's requests according to the numbers in plaintiff's discovery request. See Docket No. 115-1 at pp. 6-7.

## I.   Requests 3, 4, 5, and 6

Upon review of the documents provided by plaintiff Comite and defendants, (Docket Nos. 193-1, 194-1), the Court finds no documents in response to these requests. Accordingly, the Court fines defendants $400, $100 per each request.

## II.   Request 7:  Documents Related to Contract Number 2014-001507

The Municipality and Buena Vibra executed Contract Number 2014-001507, which addresses the activities that Buena Vibra

---

[5] Plaintiff Comite's motion to compel sought the production of documents in response to requests 2-8 and 10. (Docket No. 80.) The Court's production order granting the motion extended only to these requests. See Docket No. 117. Comite's motion for sanctions and motion for an order to show cause challenge the sufficiency of defendants' production in response to requests 3-8, 10, and 17-18. See Docket Nos. 141 at pp. 2-3; 172 at pp. 1-3; 115-1 (numbering requests). Because plaintiff Comite failed to include request 2 in its motions for sanctions and for an order to show cause, and because requests 17-18 are beyond the scope of the Court's original production order, only requests 3-8 and 10 are before the Court.

provided in connection with the 2014 Fiestas.  (Docket No. 194-1 at
p. 5 n.5.)   The 2014 Fiestas were held January 16-19, 2014.
(Docket No. 194-1 at p. 2 n.1.)

Request 7 requires defendants to produce several documents.
See Docket No. 115-1 at p. 7.  The Court reviews each individually.

**A.   Certificate of Good Standing:** Although the certificates
of good standing that defendants produced, (Docket No. 193-1 at pp.
12 (covering June 24 - September 22, 2013), 17 (covering January 22
- April 22, 2013), and 40 (covering January 13 - April 13, 2015)),
do not cover the time period of the 2014 Fiestas, defendants
referred plaintiff Comite to the Puerto Rico Department of State's
website where the certificate of good standing covering the time
period of the 2014 Fiestas is located.[6]  (Docket No. 185 at p. 2.)
By producing this information, defendants have met their burden of
production in response to this portion of the request.   Further
production by defendant would be duplicative in violation of
Federal Rule of Civil Procedure 26(b)(2)(C)(i).

**B.   Corporate Resolution:**  By producing the Corporate
Resolution of Buena Vibra, (Docket No. 193-1 at p. 18 (dated
January 7, 2013, and containing no expiration date)), defendants

---

[6] In addition to the March 3, 2014 certificate of good standing
that defendants reference, the website contains certificates of
good standing covering October 23, 2013 - January 21, 2014 and
March 25 - June 23, 2014.  See Estado Libre de Puerto Rico,
Registro de Corporaciones y Entidades,
https://prcorpfiling.f1hst.com/CorpInfo/CorpInfoCerts.aspx

have met their burden of production in response to this portion of the request.

    **C.   Insurance   Policy   Benefitting   the   Municipality:** Defendants have failed to produce documents in response to this portion of the request.  Defendants produced several certificates regarding their insurance policy, (Docket No. 193-1 at pp. 21, 47 (covering November 26, 2014 - June 30, 2015), 23-37 (covering February 2, 2014 - February 2, 2015 and naming the Municipality as an "additional insured"), but none of the certificates cover the date range in which the 2014 Fiestas were held.

    **D.   Promoter's License:** Defendants have failed to produce documents in response to this portion of the request.  Defendants produced a Promoter's License of Buena Vibra, (Docket No. 193-1 at p. 16 (valid October 1, 2012 - September 20, 2013)), however, this certificate, which expired in September 2013, does not cover the date range in which the 2014 Fiestas were held.

    **E.   Workers' Compensation Policy:** Defendants have failed to produce documents in response to this portion of the request. Defendants have produced a negative certificate of debt, (Docket No. 193-1 at pp. 8-9 (covering August 23 - December 31, 2013)), and a certificate authorizing Buena Vibra to obtain insurance on November 26, 2014, (Docket No. 193-1 at p. 21).  These documents do not establish that Buena Vibra had a workers' compensation

insurance policy during the date range in which the 2014 Fiestas were held.

**F.    Negative Certificate of Municipal Tax Owed:** By producing the negative certificate of municipal debt, (Docket No. 193-1 at p. 6 (dated August 21, 2013)), defendants have met their burden of production in response to this portion of the request.  Defendants have also produced a negative certificate of municipal debt reporting no debt for years 2008-2015, (Docket No. 193-1 at p. 49 (dated January 14, 2015)), which plaintiff Comite admits complies with this portion of the request, (Docket No. 188 at pp. 3-4).

**G.    Merchant's Certificate of Registry for Contract 2014-001507:**  By producing the Merchant Registration Certificate (Docket No. 193-1 at p. 38 (dated January 30, 2012, and containing no expiration date)), defendants have met their burden of production in response to this portion of the request.

Because defendants have complied with only some portions of request 7, they have not fully complied.  Accordingly, the Court fines defendants $100.

**III. Request 8:  Evidence of All Money Paid to Buena Vibra As a Result of Contract Number 2014-001507**

In response to this request, defendants produced the Financial Report for the 2014 Fiestas, which contains a detailed review of payments made by defendants to Buena Vibra as a consequence of Contract Number 2014-001507 as of the date of the report.  (Docket No. 194-1 at pp. 5-6 (dated August 22, 2014).)  The financial

report indicates, however, that as of August 22, 2014, the Municipality was withholding payment for some of Buena Vibra's reported charges until Buena Vibra produced evidence to support them. Id. at p. 5. Defendants have not produced any document regarding these outstanding payments. Because the report indicates that it is not a complete record of all payments made to Buena Vibra by the Municipality as a consequence of Contract 2014-001507, and because defendants have produced no additional documents regarding these payments, defendants have failed to produce all documents in response to this request. Accordingly, the Court fines defendants $100.

## IV.  Request 10: Sponsor Contracts, Invoices, and Documentation Required by the "Specific Aspects" Section  of Contract 2014-001507

In response to this request, defendants produced the Financial Report for the 2014 Fiestas, which contains some information regarding the identity and payments made to sponsors. (Docket No. 194-1 at pp. 2-4, 6-7.)  The Financial Report does not, however, include invoices or contracts. See id. Defendants have failed to produce documents to comply fully with this request. Accordingly, the Court fines defendants $100.

### CONCLUSION

Because defendants have not fully complied with plaintiff Comite's document requests 3-8 and 10, the Court **GRANTS** plaintiff Comite's motion for sanctions, (Docket No. 141), and motion for an

order to show cause, (Docket No. 172).  The Court **ORDERS** defendants to pay $700 to the Clerk of the Court, **no later than April 25, 2016,** as follows: the Municipality will pay $350 and Mayor Cruz will pay $350 from her own funds.  The Court further **ORDERS** defendants to **SHOW CAUSE by April 25, 2016,** why the Court should not accept as fact the following, which plaintiff Comite asserts would be established by the unproduced documents:

"The Municipality of San Juan, entered into contracts with Buena Vibra Group, Inc. for the 2013 and 2014 Fiestas de Calle San Sebastian without first obtaining all required documents and proof of compliance with previous contracts, but refused to enter into a contract with Comite Fiestas de la Calle San Sebastian until they produced those documents."

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April 11, 2016.

                              s/ Francisco A. Besosa
                              FRANCISCO A. BESOSA
                              UNITED STATES DISTRICT JUDGE